UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 10-111-GWU

DENISE SLONE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Denise Slone, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of degenerative joint disease of the spine, depression, and anxiety.  (Tr. 12).  Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs in the economy, and therefore was not entitled to benefits.  (Tr. 14-18).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 28, high school equivalency education and unskilled work experience could perform any jobs if she were limited to light level exertion, and also had the following limitations. She: (1) would need the option of sitting or standing at one-half hour intervals; (2) could "frequently" stoop or crouch; and (3) was limited to simple, routine work without significant public contact. (Tr. 38). The VE responded that there were jobs that such a person could perform, such as unarmed night watchman, house sitter, surveillance system monitor, grader/sorter, and product inspector, and proceeded to give the numbers in which they existed in the regional and national economies. (Tr. 38-9).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence. There is an additional issue in that the plaintiff's Date Last Insured (DLI) was September 30, 2006 (Tr. 132), meaning that she is required to show disability existing prior to that date in order to be entitled to DIB. Her SSI application is not affected.

The plaintiff alleged disability due to scoliosis, back pain, having one leg longer than the other, and pain in her ankles and feet. (Tr. 152). The plaintiff does not challenge the physical restrictions in the ALJ's hypothetical question, but the court notes in passing that no examining source listed any specific restrictions, and the plaintiff was limited to medium level exertion with frequent stooping and

crouching by a state agency reviewing source, Dr. Carlos X. Hernandez. (Tr. 320-7). Therefore, this portion of the decision is supported by substantial evidence.

The plaintiff does challenge the ALJ's hypothetical restriction to "simple routine work without significant public contact" (Tr. 38), arguing that it did not adequately convey her mental limitations. She cites a report by a one-time examiner, Dr. Don Bryson, given in a letter to the plaintiff's attorney dated July 21, 2008. After reviewing some records and performing an examination, Dr. Bryson stated that he felt the plaintiff had an "anxiety neurosis with possible mild attention deficit disorder." (Id). He described her mental status examination as revealing a "flight of ideas," decreased attention span and a histrionic personality type. In terms of functional restrictions, Dr. Bryson, apparently a family practitioner (Tr. 337), indicated that the plaintiff would have difficulty doing jobs that required managerial-type skills or any type of manual labor (Tr. 223).

The plaintiff asserts that these comments reflect a limit in her ability to concentrate that should have been conveyed in the hypothetical question. The argument is unpersuasive because it is unclear what Dr. Bryson meant by "management-type skills." Moreover, the plaintiff underwent a consultative psychological examination by Leigh A. Ford, Ph.D., a licensed psychologist, who found that she had no psychological diagnosis and no limitation on her ability to sustain attention and concentration towards the performance of simple, repetitive

tasks.  (Tr. 287).  Since Dr. Bryson was a one-time examiner without any special credentials in the area of psychological functioning, his opinion was not entitled to greater weight than that of Dr. Ford.

The ALJ appears to have made a gratuitous finding that the plaintiff had mild limitations with regard to concentration, persistence or pace (Tr. 13), but these findings, made in relation to the "B" criteria of the Commissioner's Listings of Impairment, are not equivalent to functional restrictions.  Social Security Ruling (SSR) 96-8p at *4.  The plaintiff's citation to the case of Ealy v. Commissioner of Social Security, 594 F.3d 504, 516-17 (6th Cir. 2010) is inapposite because, in that case, the ALJ omitted limitations that had been specifically given as part of a residual functional capacity assessment.

The decision will be affirmed.

This the 25th day of May, 2011.

Signed By:
G. Wix Unthank
United States Senior Judge